UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

       Plaintiff,

v.

Case No. 4:16-CV-10585
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

MGM GRAND DETROIT CASINO,

       Defendant.

_____/

### REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DE 22)

**I.   RECOMMENDATION**: The Court should deny Defendant's December 22, 2016 motion to dismiss for failure to prosecute. (DE 22.)

**II.   REPORT:**

   **A.   Background**

Plaintiff Barbrie Logan filed this lawsuit *pro se* against Defendant MGM Grand Detroit Casino ("Casino"). The facts underlying Plaintiff's complaint stem from her employment as a culinary utility person, and her causes of action include

1

sex discrimination and retaliation. (DE 1.)[1] Defendant filed an answer and affirmative defenses on March 24, 2016. (DE 10.)

Judge Parker referred this case to me for all pretrial proceedings. (DE 18.) On May 11, 2016, the Court conducted an in person scheduling conference. That same day, I entered a scheduling order which, among other things, set the discovery deadline for January 16, 2017 and the deadline for all motions (other than motions *in limine*) for March 2, 2017. (DE 20.)

### B. Instant Motion

Currently before the Court is Defendant's December 22, 2016 motion to dismiss for failure to prosecute. In sum, Defendant alleges that Plaintiff "has to appear for several properly noticed depositions and continues to refuse to appear[,]" and "has ignored the rules and refuses to continue her deposition." (DE 22 at 2, 11.)

Plaintiff filed a response, and Defendant filed a reply. (DEs 25, 26.) The Court noticed a hearing for February 2, 2017. (DE 23.) At that time, Plaintiff appeared on her own behalf and attorney Brett J. Miller appeared on Defendant's behalf.

### C. Fed. R. Civ. P. 41(b)

---

[1] Judge Parker granted Plaintiff's simultaneously filed "application to proceed in district court without prepaying fees or costs" and "request for service by the U.S. Marshal." (DEs 2, 3, 5, 6.)

Fed. R. Civ. P. 41 governs the "dismissal of actions." With respect to involuntary dismissals, Rule 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

The Sixth Circuit is guided by four factors in determining a Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.,* 138 F.3d 612, 615 (6th Cir.1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980)).

### D.     Discussion

In choosing to seek dismissal under Rule 41 against this unemployed, *pro se* plaintiff – rather than simply seeking an order to compel and/or sanctions under Rule 37 – Defendant brought out the howitzer, when a plastic arrow was all that was necessary.

### 1.     Willfulness, Bad Faith or Fault

Consistent with my statements from the bench, I recommend that the Court deny Defendant's motion to dismiss for failure to prosecute.  First, I am not convinced that Plaintiff's failure to appear for her continued deposition is the result of willfulness, bad faith or fault.  Defendant argues that Plaintiff has refused to sit for a second day of deposition. But the matter is not so simple.  Her response details her version of what occurred from August 29, 2016 – the first round of her deposition - through December 9, 2016 – the date on which her continued deposition was allegedly cancelled for the second time.  (DE 25 at 9-13, DE 22 at 8.)  Without opining on Plaintiff's obligations to appear for a continued deposition under the Federal Rules of Civil Procedure, Plaintiff's January 17, 2017 response, illuminated by her February 2, 2017 oral argument, makes clear that the delay at issue here stems from her request to review the August 29, 2016 transcript for accuracy in accordance with the Federal Rules of Civil Procedure.  (*See* DE 25 at 12-13.)   Plaintiff was, or in good faith believed herself to be, merely asserting her

4

right under Fed. R. Civ. P. 30(e) to "review the transcript or recording[,]" and "sign a statement listing the changes and the reasons for making them." Plaintiff states that she cannot afford a copy of the transcript, due to her indigence, an assertion which is not challenged.[2]  Plaintiff also in good faith believed– at least at one point and again without opinion from this Court– that Rule 30(d)(1)'s directive that "a deposition is limited to *one day* of 7 hours[,]" (emphasis added) means that it cannot be broken up into *two days* of 4 and 3 hours, respectively.[3]

### 2. Prejudice

Second, Defendant has not shown the type of prejudice that warrants dismissal. Specifically, Defendant alleges that Plaintiff's refusal to continue her deposition has "led to prejudice as discovery is closing on January 17, 2017," and Defendant "cannot complete discovery or posture the case for resolution without completing Plaintiff's deposition." (DE 22 at 10.) The Court acknowledges that defense counsel may have been frustrated by having to prepare multiple times for a

---

[2] She has been unemployed, as Defendant is likely aware, since – with or without justification, as may be determined in this lawsuit – she resigned from her job at the Casino. (DE 1 ¶ 27; DE 10 at 11-12 ¶¶ 3-7.)

[3] The Court does recognize that Plaintiff appears to have agreed to have her deposition continued, as is clearly displayed on the transcript that was submitted in support of this motion. The Court finds it very difficult to believe, as Plaintiff contends, that the court reporter managed to repeatedly mistranscribe the colloquy between Plaintiff and defense counsel reflected on pages 120-121 of the transcript (DE 22-7 at 3-4); however, irrespective of its accuracy, this transcript says nothing about what Plaintiff understood, believed or asserted regarding her right to review and correct it before sitting for another session.

continued deposition which ended up being cancelled; however, defense counsel acknowledged that he had a week's notice of one such cancellation, a weekend's worth of notice before the other, and did not appear for either of these attempts to continue the deposition, and he further acknowledged that the court reporter did not appear in either instance. Some time spent reviewing Plaintiff's document production in advance of her canceled deposition would have been spent with or without a scheduled deposition. Furthermore, as correctly noted by Plaintiff, Defendant knew that Plaintiff's document production would be delayed until September, and yet went ahead with her deposition on August 29th, rather than waiting until it had all of the documents in hand before deposing her.

 Additionally, defense counsel admitted at oral argument that the only thing about which Plaintiff had not been asked in the first round of her deposition was her later produced notes, and that this is only a matter of preparation for trial. In other words, Defendant can move forward with a motion for summary judgment with or without examining Plaintiff on her later produced notes, and has admittedly already deposed her for approximately four hours. Indeed, it is not necessary to depose a person on every conceivable issue. For hundreds of years, attorneys have cross-examined witnesses without the benefit of a pretrial deposition, and have used their professional skills, thinking on their feet, to cross-examine witnesses on the often surprising information that comes out of their mouths on the stand.

### 3. Plaintiff's Active Participation in the Case

Moreover, Plaintiff has actively participated in this case. In addition to filing her February 17, 2016 complaint, application and request, Plaintiff has filed an April 4, 2016 "non-service of answer," and an April 22, 2016 "proposed joint discovery plan." (DEs 1, 2, 3, 14, 17.) She also personally participated in the May 11, 2016 scheduling conference and the November 1, 2016 settlement conference. She has propounded or responded to purportedly extensive written discovery requests. Also, albeit post-dating the instant motion, Plaintiff filed a December 28, 2016 notice of change of address/contact information and a January 17, 2017 response to the instant motion. (DEs 24, 25.) In other words, it certainly cannot be said that these circumstances equate to "Defendants hav[ing] been prejudiced by wasting time, effort, and money litigating a case in which Plaintiff[] [is] not participating." *Bonzelaar v. M & I Bank*, No. 1:08-CV-725, 2009 WL 3424634, at *2 (W.D. Mich. Oct. 20, 2009) (referencing *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir.2005)).

### 4. Remaining Factors Do Not Warrant Dismissal

Finally, the third and fourth factors do not operate in Defendant's favor. To be sure, Defendant's argument focuses on the first two factors. (DE 22 at 9.) Nonetheless, Plaintiff has not been warned that a failure to cooperate with her continued deposition could lead to dismissal, nor have

7

less drastic sanctions been imposed or considered before dismissal was sought. To the contrary, instead of filing a motion seeking to compel discovery and/or for sanctions under Fed. R. Civ. P. 37(d), which expressly addresses a "party's failure to attend its own deposition," the Casino "goes for broke," urging the Court to dismiss the lawsuit "in its entirety[,]" under Fed. R. Civ. P. 41(b), E.D. Mich. LR 41.2 or "this Court's inherent powers." (DE 22 at 2, 11.)   The Casino having gambled recklessly by overplaying its hand, dismissal is not warranted here, and the motion should be denied.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 6, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of records electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti