UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

        Plaintiff,

v.

Case No. 4:16-CV-10585
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

MGM GRAND DETROIT CASINO,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION (DE 28) and GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION (DE 30)**

**I.    OPINION:**

    **A.    Background**

Plaintiff Barbrie Logan filed this lawsuit *pro se* against Defendant MGM Grand Detroit Casino ("Casino"). The facts underlying Plaintiff's complaint stem from her employment as a culinary utility person, and her causes of action include sex discrimination and retaliation. (DE 1.) Judge Parker has referred this case to me for all pretrial proceedings. (DE 18.)

On May 11, 2016, the Court conducted an in person scheduling conference. That same day, I entered a scheduling order which, among other things, set the

discovery deadline for January 16, 2017 and the deadline for all motions (other than motions *in limine*) for March 2, 2017. (DE 20.) Since that time, Judge Parker has entered an opinion and order adopting my February 6, 2017 report and recommendation and denying Defendant's motion to dismiss for failure to prosecute. (DEs 31, 27, 22.)

### B. Instant Motions

Currently before the Court is Defendant's February 8, 2017 motion to compel continued deposition, or, in the alternative, to strike documents, and its request for extension of dispositive motion cutoff (DE 28), regarding which Plaintiff has filed a response (DE 29). Also before the Court is Plaintiff's March 2, 2017 motion to reopen discovery and to compel Defendant to answer interrogatories (DE 30), regarding which Defendant has filed a response (DE 32).

### C. Discussion

#### 1. Defendant's February 8, 2017 motion

It seems that Plaintiff's deposition was originally noticed for August 11, 2016 but was rescheduled for and occurred on August 29, 2016. (DE 22-2, DE 22-3, DE 22-4; *see also* DE 22-7, DE 28-2, DE 32-2.) Defendant noticed Plaintiff's continued deposition for November 14, 2016 and re-noticed it for December 12, 2016. (DE 22-8, DE 22-9.) Defendant contends that, on December 9, 2016, Plaintiff indicated she would not be appearing

for the December 12, 2016 deposition. (DE 22-10; *see also* DE 22-11.) Defendant then filed a December 22, 2016 motion to dismiss for failure to prosecute, which was ultimately denied by Judge Parker on March 7, 2017. (DE 22, 27, 31.)

Meanwhile, after I issued the February 6, 2017 report and recommendation but before Judge Parker ruled upon the related motion to dismiss, Defendant filed the instant February 8, 2017 motion, wherein it sought three forms of relief:

(1) that Plaintiff may appear at Defendant's office within 14-days of entry of an order to review a copy of her deposition transcript and, if necessary, fill out an errata sheet;

(2) that Plaintiff appear for her deposition, up to three hours, within 14-days after her review of her transcript or within 28 days of the date of this order if she waives any review; and

(3) that this Court extend the current March 2, 2017, dispositive motion deadline in this matter by 60-days to allow completion of the above.

(DE 28 at 2.) On March 1, 2017, by way of a text order, the Court granted that portion of Defendant's motion which requested an extension to the dispositive motion deadline, extended only the deadline for filing dispositive motions to April 13, 2017, and took the remainder of the motion under advisement.

Upon consideration, the remaining portions of Defendant's motion are granted. To be clear, the Court is not concluding that Plaintiff has violated Fed. R.

Civ. P. 37. (DE 29 at 2 ¶¶ 1, 2.) Moreover, the Court has considered the February 7, 2017 e-mail exchange between Plaintiff and defense counsel, as well as Plaintiff's assertion that the post-hearing "mediated meeting" held on February 2, 2017 was not a "good faith meet and confer." (DE 28-4, DE 29 at 2 ¶ 4; *see also* DE 29 at 31-35.) However, under the particular circumstances of this case, and having personally attended the conference, which was held in my jury room, I conclude that the "meet and confer" requirement of E.D. Mich. LR 7.1(a), and the intentions of my practices guidelines on this subject, have been satisfied.

On the merits of its motion, Defendant shall be permitted to continue Plaintiff's deposition. I disagree with Plaintiff that "[a]nother deposition . . . would be duplicative, unjust, and is interposed for improper purposes, such as to harass Plaintiff, delay, and needlessly increase the cost of litigation." (DE 29 at 2 ¶ 3.) In particular, I note that Defendant has provided copies of certain pages of Plaintiff's August 29, 2016 deposition transcript that evidence her understanding that the deposition would be continued once Defendant received certain documents from her. (DE 28-2 (pp. 120-121, 141-142).) Also, Defendant has provided copies of 91-pages purporting to be the notes that Plaintiff produced following her deposition. (DE 28-1, 28-3.) This is a significant enough amount of material to warrant continuing Plaintiff's deposition, especially considering that the deposition began around 10:13 a.m. and concluded at approximately 3:44 p.m. (DE 22-7 at 2

(pp. 1, 4), DE 28-2 at 5 (p. 142).) In other words, given Fed. R. Civ. P. 30(d)(1)'s general limitation on the duration of a deposition "to one day of 7 hours[,]" Defendant's assertion that "Plaintiff's August 29, 2016 deposition took up 229 minutes of on-the-record time (3.8 hours)[,]" (DE 22 at 7), and considering that the deposition was ceased on August 29, 2016 for the purpose of obtaining forthcoming discovery, Defendant will be permitted the requested 3 hours to continue Plaintiff's deposition.[1]

Finally, in light of the extension of the discovery period addressed below, the Court further extends the dispositive motion deadline to Tuesday, June 13, 2017.

### 2. Plaintiff's March 2, 2017 motion

On October 31, 2016, Defendant served answers to Plaintiff's Interrogatories Nos. 1-12 and Requests for Production of Documents Nos. 1-15. (DE 30 at 15-27.) Plaintiff contends that most of the answers she

---

[1] The Court notes Plaintiff's statement that Defendant "did not request that [she] bring any documents to the [August 29, 2016] deposition." (DE 29 at 2 ¶ 1; *see also* DE 22-2, DE 22-3, DE 22-4.) Even setting aside the notes Plaintiff seems to have produced after her deposition (DE 28-3), it seems that there was discovery outstanding at the time of her August 29, 2016 deposition. (*See*, *i.e.*, DE 22-5 (Defendant's July 20, 2016 discovery requests to Plaintiff), DE 22-6 (extensions of response deadline to September 2016). The Court also acknowledges that Defendant could have delayed the initial deposition until all requested documents had been received; nevertheless, in the interest of justice, proportionality and reasonable disclosure, the deposition should be fulfilled. Fed. R. Civ. P. 1 & 26(b)(1).

received on or about November 3, 2016 "raised unwarranted objections, and incomplete or untrue answers." (DE 30 at 8.)

On December 27, 2016, Defendant served responses to Plaintiff's Second Interrogatories Nos. 1-32. (DE 30 at 29-44.) Plaintiff claims that Defendant "failed to provide complete and/or true answers to those interrogatories." (DE 30 at 9.)

Thereafter, the parties exchanged e-mail regarding the second set of interrogatories, and Plaintiff expressed her desire to discuss an extension of the discovery deadline. (DE 29 at 19-22.) On or about January 10, 2017, the parties met and conferred, and it seems they discussed, *inter alia*, Second Interrogatories Nos. 1-28, her continued deposition, and an extension of discovery. (DE 30 at 46-51; *see also* DE 29 at 24-29.)

Nearly two months later, on March 2, 2017, Plaintiff filed the instant motion. (DE 30.) She seeks two forms of relief:

(1) that Defendant provide answers to Plaintiff's First and Second Set of Interrogatories, in good faith, as required in Fed. R. Civ. P. 26(a), and 26(b), and/or any other proper rule as determined by this Court; [and]

(2) that this Court reopen discovery for 60 days to allow for the likelihood that the discovery will lead to relevant evidence.

(DE 30 at 2.)

Upon consideration, Plaintiff's motion is denied without prejudice in part and granted in part.[2] As to the substance of Plaintiff's various discovery requests, it is not clear to this Court which of the discovery requests - 44 total interrogatories or 15 requests for production of documents - are at issue in this motion. Although Plaintiff's attachment of Defendant's answers to the discovery requests satisfies E.D. Mich. LR 37.2, and although Plaintiff contends that the supplementation Defendant agreed to on January 10, 2017 has yet to occur,[3] the motion itself does not identify which of Defendant's answers to interrogatories or responses to requests for production she is challenging. (DE 30 at 2 ¶ 3, DE 30 at 8-9.)[4] Defendant observes as much, but then attempts to construe the requests at issue. (DE 32 at 8-15.) Though the Court could guess which of the requests are at issue in this motion, it

---

[2] Plaintiff's motion is timely. Plaintiff states that she thought she had to wait until Defendant's dispositive motion was heard before "proceeding with her anticipated motions[,]" and she was under the impression that she had until March 2, 2017 – the motion deadline – to do so. (DE 30 at 7, 9-10.) Although she was not required to wait to file her discovery motion, she is correct that she had until March 2, 2017 to do so.

[3] Plaintiff is presumably referring to Second Interrogatories Nos. 1, 2 and 11. (DE 30 at 46-47.)

[4] As to the first set of discovery requests, she addresses the interrogatories by subject matter rather than number, claims that "Defendant failed to answer 12 of 12 questions asked by Plaintiff," and further claims that "Defendant failed to produce 12 of 15 documents requested." Then, as to the second set of discovery requests, she claims that "Defendant failed to provide complete and/or true answers to those interrogatories." (*See* DE 30 at 8-9.)

would be a better use of the Court's time to deny this motion without prejudice to Plaintiff refiling her motion and making clear those specific answers and responses she is challenging, and, as to each, why. She may refile such a motion on or before **April 5, 2017**.

As to her request to reopen discovery, Plaintiff has shown good cause to modify the scheduling order to extend the January 16, 2017 deadline *to complete* discovery. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). First, the Court is somewhat persuaded by Plaintiff's *pro se* status. Defendant suggests that need for further discovery is based upon Plaintiff's own neglect. (*See* DE 32 at 16.) However, even if, as Defendant claims, Plaintiff is "well versed in litigation[,]"[5] my familiarity with this case – particularly my observations at the scheduling conference, settlement conference and motion hearing - causes me to conclude that some leniency is appropriate. Second, while her explanation may not be detailed, Plaintiff has set forth reasons to reopen discovery - "in order to have the opportunity to examine Defendant's Answers to Interrogatories, conduct further investigation if necessary, and depose witnesses and/or obtain witness affidavits[,]" and "to allow for the

---

[5] *See Logan v. Royal Oak Township*, Case No. 94-72417, 1996 WL 426532 (E.D. Mich. Jan. 24, 1996). Plaintiff has also filed charges with the Michigan Employment Relations Commission (MERC) concerning her position with Wayne County. (DE 32-2 at 2.)

likelihood that the discovery will lead to relevant evidence." (DE 30 at 2 ¶ 2.) Third, while Defendant claims it would be prejudiced "by reopening full discovery[,]" Plaintiff made her desire to discuss an extension of the discovery deadline known to Defendant at least as early as January 7, 2017 – a date before the January 16, 2017 deadline. (DE 32 at 16-17, DE 29 at 22.)

Finally, as Plaintiff points out, she has not previously asked for an extension of discovery. (DE 30 at 10.)

## II. ORDER

Accordingly, Defendant's motion to compel continued deposition, or, in the alternative, to strike documents, and its request for extension of dispositive motion cutoff (DE 28) is **GRANTED**. As to Plaintiff's continued deposition: **(1)** Plaintiff may appear at Defendant's office (or at the office of the court reporter) within 14-days of entry of this order to review a copy of her deposition transcript and, if necessary, fill out an errata sheet; and **(2)** Plaintiff shall appear for her deposition, for up to three hours and in one session (excluding lunch or restroom breaks), within 14-days after her review of her transcript or within 28 days of the date of this order if she waives any review. *If Plaintiff refuses to appear, the later-produced documents will be stricken from use in this lawsuit and the Court may order any other sanctions referenced in Fed. R. Civ. P. 37.* Finally, in light of my

simultaneous extension of the discovery period, the Court further extends the dispositive motion deadline to **Tuesday, June 13, 2017**.

Furthermore, Plaintiff's motion to reopen discovery and to compel Defendant to answer interrogatories (DE 30) is **GRANTED** to the extent it seeks an extension of the discovery deadline. Accordingly, the deadline for *the completion* of discovery is set for **Tuesday, May 30, 2017**. However, Plaintiff's motion (DE 30) is **DENIED WITHOUT PREJUDICE** to the extent it requests an order requiring Defendant to supplement its answers and responses to Plaintiff's first and second sets of discovery requests. Should Plaintiff refile this request, she must do so on or before **April 5, 2017**. Any such motion must clearly identify which of Defendant's answers and responses she is challenging and, as to each, why.

Finally, the parties are reminded that discovery is governed by the Federal Rules of Civil Procedure (particularly Rule 26-37), the E.D. Mich. Local Rules (particularly Local Rules 26.1-37.2) and my on-line practice guidelines.

Dated: March 22, 2017         s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 22, 2017, electronically and/or by U.S Mail.

                                                           s/Michael Williams
                                                           Case Manager for the
                                                           Honorable Anthony P. Patti