UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

    Plaintiff,

v.

Case No. 4:16-CV-10585
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

MGM GRAND DETROIT CASINO,

    Defendant.

_____/

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES (DE 34)

## A. Introduction

The Court has reviewed Plaintiff's motion to compel discovery, Defendant's response, and Plaintiff's reply. (DE 34, 35 & 37.) The Court has also reviewed the first set of interrogatories and document requests in question and the responses thereto, the second set of interrogatories and document requests in question and the responses thereto, as well as Defendant's supplemental responses to both sets of discovery requests. (DE 35-3 – 35-6.) Based upon Defendant's supplementation of some of the requests which were challenged in Plaintiff's opening brief, and the more limited scope of requests discussed in her post-supplementation reply brief,

the Court will restrict its analysis to those requests/responses which appear to remain in dispute, and will not address those requests/responses which appear to have been resolved. The Court finds it unnecessary to hold oral argument on this motion, and accordingly reaches its decision on the papers alone.

**B.    Discussion**

Plaintiff pleads two claims in her complaint, namely, sex discrimination (Count I) and retaliation (Count II). Her pleadings do not present a model of clarity, although the Court recognizes her *pro se* status and construes them broadly for purposes of this motion and when construing the scope of discovery. Defendant responded to nearly all, if not every single, discovery requests with a rote objection, stating that, "Defendant objects to this request and its subparts as vague, overly broad, and unduly burdensome. Defendant further objects as this request and its subparts are neither relevant to Plaintiff's claims nor proportional to the needs of the case." The Court neither condones nor appreciates *pro forma* objections. As Plaintiff correctly points out, "generalized objections that a discovery request is unduly burdensome are insufficient; rather, the party objecting to the requested discovery on the grounds of undue burdensomeness must submit an affidavit or offer other evidence 'revealing the nature of the burden.'" (DE 34 at 7.) Likewise, my practice guidelines for discovery state that:

> [A] party objecting to a request for production of documents as
> unduly burdensome must submit affidavits or other evidence to

substantiate its objections. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

Defendant makes no real effort to comply with this requirement. Nevertheless, the Court will not enforce discovery requests which are vague, lacking in foundation, abusive, violative of the local or national procedural rules, or which offend judicial economy by unduly expanding the scope of discovery beyond what is warranted by the case. The Court always remains cognizant of its responsibility to construe, administer and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The scope of discovery – which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" – is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). In terms of the parties' relative access to relevant information and their respective resources, the Court acknowledges that Plaintiff is

a *pro se* litigant who worked in a modest service job at Defendant Casino, *i.e.*, the MGM Grand Detroit Casino, the latter of which, without a doubt, has more access to information and substantially greater resources than does Plaintiff.

**C.     Order**

In light of these considerations and its own review of the discovery requests, objections, responses and supplemental responses at issue, the Court makes the following findings and gives the following directives with regard to the respective requests at issue:

**Plaintiff's First Set of Interrogatories and Requests to Produce**

- **Int. No. 1**: The Court finds that this interrogatory is premature and that it is unnecessary to obtain this information in order to respond to Defendant's impending motion for summary judgment; rather, this interrogatory seeks information which would only be relevant to the question of punitive damages, if liability were established and such damages were appropriate and awarded. Accordingly, Defendant will not be required to answer this interrogatory unless this case survives summary judgment, at which point Defendant will have 21 days within which to list its net profits for the years 2011 through 2016. The Court recognizes, as Defendant points out, that this information

may be publicly available, but it also recognizes that Defendant should have ready access to it and that Plaintiff, as a layperson, should not have to go on what may be a wild goose chase to find it.

- **Int. No. 2:** The Court agrees that this interrogatory, on its face, is overbroad and possibly unduly burdensome, and thus limits Defendant's responsibility to identifying the names of any cases in which this defendant had judgment entered against it for race or gender discrimination, retaliation and/or for maintaining a hostile work environment (including, for each, the case number, date of judgment and identity of the court in which the case was pending) between November 1, 2011 and November 30, 2014. The scope of this interrogatory shall not include Defendant's parent companies, subsidiaries, or related entities.

- **Int. No. 9:** Defendant's objections to this interrogatory are not well taken and are overruled. Plaintiff's interrogatory relates to a relatively short period of time, namely 2013 and 2014, and information which would not otherwise be obtainable. Defendant must either identify any policies, procedures and practices that relate to the management team's distribution of daily job assignments in the Wolfgang Puck Steakhouse *by producing the same* and providing an answer with

Bates stamp references, or state definitively that there are no such policies, procedures or practices.

- **Req. to Prod. 9:** Defendant must certify that its answer to this request, as supplemented, is complete. Based upon the information (or the lack thereof) that the parties have placed before the Court regarding this request and response, the Court is unable to determine whether more is required.

- **Int. No. 10:** Defendant's objections to this interrogatory are rote, ill-founded and overruled. Defendant must answer.

- **Int. No. 11:** Defendant's objections to this interrogatory are rote, ill-founded and largely overruled. Defendant must respond to this request for the year 2014 with respect to the Wolfgang Puck Steakhouse and Cucina Restaurant at Defendant's Detroit Casino. Defendant may respond to any subpart (a-c) by producing documents in lieu of an answer, so long as the documents are referenced in its response by Bates stamp number or range.

**Plaintiff's Second Set of Interrogatories and Requests to Produce**

- **Int. No. 2:** Defendant's response and supplemental response are adequate.

- **Int. No. 11:** Defendant's response and supplemental response are adequate.

- **Int. Nos. 15-16:** Defendant's objection to Plaintiff exceeding 25 interrogatories is sustained. Fed. R. Civ. P. 33(a)(1). Defendant's answer and supplemental answer are adequate. Plaintiff is free to depose the person who allegedly called her into his office and ask this question (and other questions, if she so chooses) before the end of discovery.

- **Int. No. 17:** Defendant's objection to Plaintiff exceeding 25 interrogatories is sustained. Fed. R. Civ. P. 33(a)(1). The answer and supplemental answer are adequate.

- **Int. No. 19:** Defendant's objection to Plaintiff exceeding 25 interrogatories is well taken under Fed. R. Civ. P. 33(a)(1); however, given how little effort it should take for Defendant to answer this question, Plaintiff's *pro se* status, and Defendant's previously demonstrated willingness to supplement this answer, the Court will permit Plaintiff to exceed the maximum number of interrogatories in this instance and require Defendant to name the *individual or individuals* within Plaintiff's Department and within the Human Resources Department, as had been previously and generally

referenced in the prior supplementation, who approved of Plaintiff's April 9, 2014 return. The identities of decision-makers may be a crucial piece of information in an employment case. There is no point in shielding these identities from disclosure.

- **Int. No. 21:** Defendant's objection to Plaintiff exceeding 25 interrogatories is sustained. Fed. R. Civ. P. 33(a)(1). Defendant's answer and supplemental answer are adequate, as it essentially takes the position that Plaintiff's interrogatory lacks foundation, thus indicating that there is a factual dispute on this issue.

All supplemental interrogatory answers which are required by this order must be sworn. Full contact information (last known street address, phone number and e-mail address) must be supplied for any person the Court is requiring to be identified who is no longer employed by Defendant. The deadline for complying with the directives of this order, except as otherwise stated herein, is **May 15, 2017.** The Court finds that it would be unjust to award costs or attorney's fees, as neither party entirely prevailed, and neither party completely complied with the Court rules.

**IT IS SO ORDERED.**

Dated: May 3, 2017      s/Anthony P. Patti  
                        Anthony P. Patti  
                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the following document was sent to parties of record on May 3, 2017, electronically and/or by U.S. Mail.

                                                              s/Michael Williams
                                                              Case Manager for the
                                                              Honorable Anthony