UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

          Plaintiff,

                               Case No.  4:16-CV-10585

v.                              District Judge Linda V. Parker
                               Magistrate Judge Anthony P. Patti

MGM GRAND DETROIT CASINO,[1]

          Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 40)

**I.** **RECOMMENDATION**:  The Court should **GRANT** Defendant's July 13, 2017 motion for summary judgment (DE 40) and dismiss with prejudice the claims set forth in her complaint (DE 1).  However, the Court should deny Defendant's request for an award of costs and attorney fees associated with this motion (*see* DE 40 at 3, 32), as the issues on which this recommendation is based merited review by the Court.

**II.** **REPORT:**

    **A.** **Background**

---

[1] According to Defendant, "[t]he proper entity to be named is MGM Grand Detroit, LLC[.]"  (DE 10 at 1 n.1.)

Plaintiff Barbrie Logan filed this lawsuit *pro se* against Defendant MGM Grand Detroit Casino ("Casino").  The facts underlying Plaintiff's complaint stem from her employment as a culinary utility person, and her causes of action include sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  (DE 1 ¶¶ 1-2, 29-38.)

Defendant filed an answer and affirmative defenses on March 24, 2016. Among other things, Defendant asserted that Plaintiff's claims "may be barred, in whole or in part, by applicable statute(s) of limitation or limitation period(s), contractual or otherwise."  (DE 10 ¶ 14.)

## B.    Instant Motion

Judge Parker referred this case to me for all pretrial proceedings.  Currently before the Court is Defendant's July 13, 2017 motion for summary judgment.  In sum, Defendant requests that the Court "dismiss Plaintiff's claims against it in their entirety with prejudice," and "award Defendant its costs and attorneys' fees in having to file the instant Motion."  (DE 40 at 3.)

Plaintiff filed a tardy response, which was nevertheless accepted and considered, and Defendant filed a reply.  (DEs 42, 43.)  On September 19, 2017, the Court denied Plaintiff's request to file a sur-reply.  (*See* DEs 46, 45, 47.)  On October 10, 2017, I entered a notice of determination of motion without oral argument.  (DE 48.)  Plaintiff filed a response to this notice, wherein she noted,

among other things, her expectation "to be heard during oral argument to designate specific facts and admissions on file in this case not specified in the written Response." (DE 49.) However, the Court has been adequately informed from the briefing, and this motion is ready for a report and recommendation on the papers alone.

### C. Fed. R. Civ. P. 56

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the

nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .   [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative.  *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### D.   Discussion

1.   **Plaintiff's complaint spans the alleged events of August 1, 2007 through December 4, 2014.**

The alleged facts underlying Plaintiff's complaint begin on August 1, 2007, the date of her employment as a "culinary utility person" at the Casino.  (DE 1, ¶ 7.)  As a condition of employment, she paid dues and/or fees to UNITE HERE, Local 24, the labor union.  (DE 1 ¶ 10.)  She began serving as a union steward around May 2008.  (DE 1, ¶ 11.)

From May 2009 through December 2013, Plaintiff was the subject of disciplinary action, filed union grievances, sought FMLA leave, and, on at least eight (8) occasions, engaged the services of the National Labor Relations Board (NLRB).  (DE 42 at 5-10, 40-100; DE 42-1 at 1-39; *see also* DEs 40-7, 40-10, 40-17.)  Plaintiff's complaint further details the conditions of her employment during 2014.  (DE 1, ¶¶ 15-26.)  Some of the supporting documentation evidences the following:

- On April 3, 2014, a "Team Member Incident Report" was issued.  Plaintiff was suspended pending investigation.  (DE 40-12.)  Plaintiff was to be issued a three-day suspension based on the events April 4, 5, & 8.  (DE 42-1 at 41.)

- Plaintiff filed a union grievance on May 19, 2014, for which she sought back pay.  In June 2014, Defendant agreed to remove the 3-day suspension issued on April 9, 2014 and to provide 28 hours of back pay.  (DE 40-13.)

- Plaintiff's concern that she was "being overlooked for [overtime] and also learning other areas of food prep" was the subject of an October 30, 2014 union meeting.  (DE 40-16.)

- On November 8, 2014, Plaintiff wrote a letter detailing that she "left work early due to the hostility directed at [her] from Chef Derek." (DE 42-1 at 61-62.)

(*See also* DE 42 at 10-17.) Plaintiff allegedly submitted her resignation on November 26, 2014, effective December 4, 2014. (DE 1, ¶ 27.)

### 2.    Plaintiff agreed to a 6-month statute of limitations.

Defendant argues that Plaintiff's claim is "time-barred under the statute of limitations waiver." (DE 40 at 18-19.) By way of background, on February 20, 2007, Plaintiff electronically signed a pre-employment "disclosure, release, and authorization" as part of her online job application process, which provided, in pertinent part:

> I agree that *any claim or lawsuit* arising out of my employment with, or my application for employment with, MGM Grand or any of its subsidiaries must be filed *no more than six (6) months* after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

(DE 40-4 at 2 (uppercase in original, italics added); DE 40-5 at 2 ¶ 2.)

### 3.    The agreement is enforceable but must take into consideration the Equal Employment Opportunity Commission's (EEOC's) period of exclusive jurisdiction.

The parties are at odds regarding the enforceability of statute of limitations waivers in the Title VII context. Defendant takes the position that the waiver is

enforceable.  (DE 40 at 18-19, DE 43 at 2-3.)  Plaintiff responds that her claims

"are not time barred."  (DE 42 at 22.)

To begin, "it is well established that, in the absence of a controlling statute

to the contrary, a provision in a contract may validly limit, between the parties, the

time for bringing an action on such contract to a period less than that prescribed in

the general statute of limitations, provided that the shorter period itself shall be a

reasonable period."  *Order of United Commercial Travelers of Am. v. Wolfe*, 331

U.S. 586, 608 (1947).  *See also Smithson v. Hamlin Pub, Inc.*, No. 15-CV-11978,

2016 WL 465564, at *1, *3 (E.D. Mich. Feb. 8, 2016) (Rosen, J.) (in an

ADEA/Elliott-Larsen age discrimination case, "[i]t is well-settled that parties to a

contract may agree to an abbreviated period of limitations different from the period

authorized by statute so long as it is reasonable."), *appeal dismissed* (June 23,

2016); *Myers v. W.-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (in a state

law civil rights case, "[t]here is nothing inherently unreasonable about a six-month

limitations period.").

Defendant relies upon the Sixth Circuit's decision in a lawsuit "alleging

violations of the Michigan Elliot Larsen Civil Rights Act, Title VII, 42 U.S.C. §

1981, and various state law tort claims."  *Thurman v. DaimlerChrysler, Inc.*, 397

F.3d 352, 355 (6th Cir. 2004).  In that case, the Sixth Circuit concluded that "the

collective bargaining agreement does not supersede the employment application's

six-month statute of limitations." *Thurman*, 397 F.3d at 356-357 ("Nothing in the quoted language bars the employer from including a waiver of statute of limitations in an employment contract. Therefore, the six-month statute of limitations contained in the employment application is not superseded by the collective bargaining agreement."). In addition, the Sixth Circuit stated that "the six-month limitations period gave [Plaintiffs] a sufficient opportunity to investigate and file an action, as well as ascertain the damages suffered[,]" and concluded that "the abbreviated limitations period contained in the employment application [wa]s reasonable." *Thurman*, 397 F.3d at 358 (citing *Myers,* 849 F.2d at 262; *Timko v. Oakwood Custom Coating, Inc.,* 244 Mich. App. 234, 625 N.W.2d 101, 105-106 (2001)). However, *Thurman* "did not provide any legal reasoning or analysis on the issue of Title VII[,]" and "[w]hether the holding in *Thurman* encompassed any Title VII claims is unclear." *Fritz v. FinancialEdge Community Credit Union*, 835 F. Supp. 2d 377, 382 (E.D. Mich. 2011) (Ludington, J.).[2]

Although Plaintiff's response attaches portions of the Labor Agreement between MGM Casino Hotel and Detroit Casino Council for the period October 17, 2011 – October 16, 2015, her reliance upon it seems limited to the issue of her eligibility for overtime and job training under the collective bargaining agreement

---

[2] *Cf., Ellison v. DaimlerChrysler Corp.*, No. 3:06 CV 899, 2007 WL 3171758, at *5 (N.D. Ohio Oct. 30, 2007) ("It is apparent, then, that the *Thurman* court applied its reasoning vis-a-vis the six-month contractual limitation period as a basis for dismissal to Title VII claims such as the ones before this Court.") (dicta).

(CBA).  (*See* DE 42 at 17-19, DE 42-1 at 68-75 [Ex. X]; *see also* DE 40-14.)

Stated otherwise, she does not appear to be arguing that the CBA supersedes the

agreement to limit the statute of limitations to six (6) months.  Instead, Plaintiff's

argument that the six (6) month statute of limitations is not enforceable is based

upon the observation in a Title VII case that "any period of 180 days or less is

preempted by the EEOC's period of *exclusive jurisdiction* and necessarily

precludes any judicial consideration of Plaintiff's claim."  *Fritz*, 835 F. Supp. 2d at

383 (emphasis added) (referencing *Lewis v. Harper Hosp.*, 241 F. Supp. 2d 769,

772 (E.D. Mich. 2002) (Duggan, J.) ("Were this Court to uphold the six month

limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of

exclusive jurisdiction would have the effect of abrogating Plaintiff's ability to bring

a Title VII suit.")).

As Judge Ludington recognized in *Fritz*, "[t]he law as it relates to a

shortened statute of limitations for Title VII claims is unsettled."  *Fritz*, 835 F.

Supp. 2d at 382 (mentioning both *Thurman* and *Lewis*).  *See also Cerjanec v. FCA

US, LLC*, No. 17-10619, 2017 WL 6407337, at *8 (E.D. Mich. Dec. 15, 2017)

(Michelson, J.) ("*Lewis* did not hold that the ADEA's statute of limitations trumps

a shorter contractual statute of limitations, but rather found that, for other statutes,

a contractually-shortened statute of limitations was unenforceable.").  Since Judge

Ludington's statement, at least one district court has observed:  "District courts in

the Sixth Circuit addressing this issue have held that to be enforceable, an

agreement limiting the time an employee may sue under Title VII must not

commence the limitations period **before the end** of the EEOC's exclusive

jurisdiction over the matter." *Tyler v. FedEx Freight, Inc.*, No. 3:13-CV-419, 2015

WL 1880007, at *7 (S.D. Ohio Apr. 23, 2015) (distinguishing *Thurman* and citing,

in part, *Lewis* and *Fritz*) (emphasis added).

In an attempt to argue that the period of exclusive jurisdiction does not

necessarily last a full 180-day period, Defendant contends that *Fritz* is

distinguishable and urges the Court to adopt Judge Rosen's relatively recent

holding and reasoning in *Smithson* instead:

> To the extent that Plaintiff believes *Fritz* stands for the proposition
> that the EEOC always retains jurisdiction over a charge for a period of
> 180 [days] *after the filing of any charge*, Plaintiff is mistaken.  Unlike
> in this case where the EEOC notified Plaintiff that it closed its file on
> her charge and issued its Dismissal and Notice of Rights *two months
> after she filed her charge*, in *Fritz* the Plaintiff was never issued a
> right-to-sue letter anytime *within 180 days of her filing of her charge*.
> Thus, arguably, in *Fritz*, the EEOC's exclusive jurisdiction had not
> terminated.  But where, as here, a claimant requests that a notice of
> right to sue be issued, the Commission may issue such notice "at any
> time prior to the expiration of *180 days from the date of filing of the
> charge*" and the issuance of the notice of right to sue "shall terminate
> further proceeding of any charge" and the EEOC's jurisdiction ends.
> 29 C.F.R. §§ 1601.28(2), (3).

*Smithson*, 2016 WL 465564, at *4 n.4 (emphases added) (a case where the ADEA

EEOC charge was filed on January 13, 2015 and the right to sue letter issued

March 4, 2015 (50 days later)).  However, *Smithson* is likewise distinguishable, as

it was an ADEA / Elliott-Larsen age discrimination case and because the plaintiff in that case had received a right to sue letter with 41 days still pending in her 180-day contractual limitations period.  *Id.* at *4.  As *Smithson* went on to instruct: "[u]nlike Title VII, there is no requirement that an ADEA plaintiff wait for receipt of a Right to Sue letter before filing suit.  While a Title VII plaintiff generally must wait until he/she receives a Notice of Right to Sue, the same is not true with regard to the ADEA."  *Id.* at *5.

Whatever distinctions exist between Plaintiff's case and the circumstances set forth in *Thurman*, *Fritz*, *Lewis* and *Smithson*, I am persuaded that the EEOC retains some period of exclusive jurisdiction that must be taken into consideration when enforcing an agreed upon six (6) month statute of limitations.  *See Fritz*, 835 F. Supp. 2d at 383 ("any period of 180 days or less is preempted by the EEOC's period of exclusive jurisdiction and necessarily precludes any judicial consideration of Plaintiff's claim.");  *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999) ("*the filing of a charge* automatically gives rise not only to the exclusive jurisdiction of the EEOC for a period of 180 days, but also to the power of the EEOC to bring its own lawsuit upon finding 'reasonable cause' to believe the charge is true.") (emphasis added); *Lewis v. Harper Hosp.*, 241 F. Supp. 2d at 772 ("the EEOC maintains exclusive jurisdiction over the subject matter *of the charge* for 180 days *after the filing of the charge*.") (emphases

11

added) (citing *Frank's Nursery & Crafts, Inc.*, 177 F.3d at 456); *see also Priemer v. Int'l Auto. Components*, No. 10-CV-12969, 2013 WL 4718336, at *5 (E.D. Mich. Sept. 3, 2013) (Borman, J.) ("Other courts in this District have held that, in cases arising under Title VII, a contractually abbreviated limitations period cannot begin until 180 days *after the filing* of an EEOC charge.") (emphasis added) (referencing *Fritz*, *Lewis* and *Brown v. VHS of Michigan, Inc.*, No. 11-15508, 2013 WL 119395, at *3 n.1 (E.D. Mich. Jan. 9, 2013) (Cleland, J.) *aff'd*, 545 F. App'x 368 (6th Cir. 2013)).

### 4. The statute of limitations expired before Plaintiff invoked the EEOC's period of exclusive jurisdiction.

A plaintiff wishing to file a private lawsuit seeking relief under Title VII must obtain a "right to sue letter" from the EEOC. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) ("The Title VII plaintiff satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue."). In order to invoke the EEOC's investigatory powers and obtain such a letter, a charge "shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1).[3] During the 216 days that passed (well more than a six-

---

[3] "In 'deferral states' such as Michigan, a claimant must either file a charge with the EEOC within 180 days after the alleged discrimination occurred, or within 300

month period) between Plaintiff's effective December 4, 2014 resignation and her

July 8, 2015 EEOC charge being filed, the following events transpired:

**(a)** Plaintiff filed her State of Michigan Department of Licensing and Regulatory Affairs (LARA) Unemployment Insurance Agency (UIA) claim on January 25, 2015 (52 days after her the termination of the employment relationship). At issue was the Michigan Employment Security Act, specifically Mich. Comp. Laws § 421.29(1)(a), which is labeled, "[l]eft work voluntarily without good cause attributable to the employer or employing unit."

**(b)** LARA responded on February 13, 2015 (19 days later), concluding that Plaintiff was "not disqualified for benefits under MES Act, Sec. 29(1)(a)."

**(c)** Plaintiff filed her EEOC charge on July 8, 2015 (145 days later).

(DE 42-1 at 64, 66; DE 40-17.) The EEOC's right to sue letter issued on

November 17, 2015 (132 days later).

This post-resignation timeline is fatal to Plaintiff's claims, based on the 2009

through 2014 time period at issue in her complaint, even though Plaintiff contends

that her LARA claim "promptly notified" Defendant that she "claimed she had

---

days if the claimant has 'initially instituted proceedings with a State or local agency *with authority to grant relief from such practice*.'" *Fritz*, 835 F. Supp.2d at 383 (quoting *Lewis*, 241 F. Supp.2d at 771) (emphasis added). There is no evidence here that Plaintiff filed a complaint or charge with the Michigan Civil Rights Commission or any other agency with authority to grant relief from such practices, notwithstanding her filing for unemployment benefits. Thus, the Court need not hypothetically consider what effect such a filing would have had upon the six-month contractual limitations period at issue here. In any case, the time for making such a filing has long passed.

resigned due to discrimination caused by her employer." (DE 42 at 17, 22; DE 42-1 at 64.) To the extent Plaintiff contends that her LARA claim somehow tolls the agreed-upon six (6) month statute of limitations, her argument is unavailing. Preliminarily, the breadth of LARA's decision is not discernable from the record, as the record contains only one of the four pages comprising LARA's "Notice of Determination." (DE 42-1 at 64.) Indeed, Plaintiff describes it as "a claim of discrimination with the State of Michigan Unemployment Insurance Agency." (DE 42 at 17, 22; *see also* DE 42 at 28.) Nor does a claim *for unemployment benefits* equate with a "claim or lawsuit" for civil rights violations "arising out of [Plaintiff's] employment with, or [Plaintiff's] application for employment with, MGM Grand . . . ." (DE 40-4 at 2.) Significantly, it does not appear that Plaintiff filed a "Complaint of Discrimination" with the Michigan Department of Civil Rights (MDCR), a state department which enforces Michigan's Elliott-Larsen Civil Rights Act (Mich. Comp. Laws §§ 37.2101-37.2804) and Persons with Disabilities Civil Rights Act (Mich. Comp. Laws §§ 37.1101-37.1607). *See* http://www.michigan.gov/mdcr/0,4613,7-138-42240_43561---,00.html.

I am persuaded that, "[b]ecause the EEOC retains exclusive jurisdiction of the subject matter of a charge for 180 days, the submission of an EEOC charge should count, for the purpose of a contractual six-month limitation, as the commencement of an action." *Brown*, 2013 WL 119395, at *3 n.1 (referencing

*Fritz*) (in a case where Plaintiff alleged retaliation claims under Title VII and the Equal Pay Act and submitted her EEOC discrimination charge 60 days after her separation).  In a sense, this approach gives Plaintiff the benefit of the doubt, as "[t]he filing of an EEOC charge is not the commencement of an 'action or suit' or 'judicial proceeding.'"  *Smithson*, 2016 WL 465564, at *5 n.5 ("Numerous courts within this circuit have specifically held that the filing of an EEOC charge was not the commencement of an action or suit in the context of contract provisions limiting the time for initiating a lawsuit."); *see also Brown,* 2013 WL 119395, at *3 n.1 ("'Commence any action or other legal proceeding' appears to mean 'commence any lawsuit, regardless of forum' rather than 'raise any claim or cause of action.'") (quoting *Black's Law Dictionary* 28 (6th ed.1990)).

Having the submission of any EEOC charge "count" for the purpose of a contractual six-month limitation is also consistent with the contractual language at issue here, which references the filing of "any *claim or* lawsuit arising out of my employment…."  (DE 40-4 at 2 (emphasis added).)  While the filing of an EEOC charge is not the same as the filing of a lawsuit or the commencement of an action, it is certainly more akin to the filing of a "claim" in the sense that, "[t]he most natural reading of these provisions [in 42 U.S.C. §§ 2000e–5(b), (e)(1)] is that the first is intended to be definitional, defining a 'charge' as an allegation of discrimination…."  *Edelman v. Lynchburg College*, 535 U.S. 106, 120 (2002)

(O'Connor, J., concurring).  A "claim," in turn, is defined as "[t]he assertion of an existing right[.]"  *Claim,* Black's Law Dictionary (10th ed. 2014).  A claim necessarily involves making allegations.  An EEOC charge under Title VII makes an allegation of discrimination (on one or more of several eligible bases) and, in so doing, essentially asserts an existing right to be free from discrimination.  Once the EEOC relinquishes its jurisdiction by issuing a notice of right to sue letter, a plaintiff would have whatever time is remaining under the contractual limitations period in which to file suit.

Reconciling the ostensive conflict in the case law of both the Sixth Circuit and the Eastern District of Michigan, but applying the common principles which emerge from it, it is clear that if Plaintiff had pursued her EEOC charge within the 180 day filing period described in § 2000e-5(e)(1), the EEOC would have had "exclusive jurisdiction over the subject matter of the charge for 180 days *after the filing of the charge.*"  *Lewis,* 241 F. Supp.2d at 772 (citing *Frank's Nursery & Crafts, Inc.*, 177 F.3d at 456 (emphasis added)).  That is, once the charge has been filed, the EEOC may consider it for up to *another* 180 days before the aggrieved party may seek to file suit on his or her own.  42 U.S.C. § 2000e-5(f)(1).  In other words, the contractual limitation would have been equitably tolled while the EEOC maintained exclusive jurisdiction.  In this case, Plaintiff did not file her EEOC charge within 180 days of her employment separation, or, for that matter, within

the six-month contractual limitation period (which is equivalent to 182.5 days in a non-leap year).  Had she filed her charge soon after her employment separation, the EEOC might have made short shrift of it, as occurred in *Smithson*, leaving her a comfortable window of whatever remained of the six-month contractual period once it started to run again, within which to file a timely lawsuit.  Had she waited until the 179th day to file her charge, she would have gained at least three days of breathing room to file suit once her right to sue letter issued (182.5 days, minus 179 days).[4]  Instead, Plaintiff waited until 216 days after her separation to file her EEOC charge.  The EEOC's jurisdiction not having been brought into play until after the six-month contractual limitation period for filing a claim or lawsuit had run, and well after the 180 days provided by statute, she ought not receive the benefit of equitable tolling.

---

[4] Of course, it cannot be said with certainty how long it will take the EEOC to consider any given charge. Relatedly, a court may have to consider how a case should proceed if the EEOC takes more than 180 days to act under 42 U.S.C. § 2000e-5(f)(1).  In addition, a court may someday have to visit whether Section 2000e-5(f)(1)'s post-notification 90-day period to file suit is, itself, subject to contractual limitation or should trigger equitable tolling.  *See, e.g.,* Ann K. Wooster, Annotation, *Tolling of Time Period for Bringing Title VII Action Under § 706 of Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(f)(1)*, 21 A.L.R. Fed. 2d 65 (2007) ("Equitable tolling of the 90-day time period is reserved for situations in which a claimant has made a good faith error, and there will be no such tolling where a claimant is aware of the filing requirements, yet fails to file a timely complaint due entirely to a lack of diligence.").  Fortunately, these issues need not be considered here.

Admittedly, the equitable tolling approach has not been articulated in any of the above-cited cases; however, it seems to account for this Court's previously expressed concerns, harmonizing several core concepts.  First, it takes into account the fact that "both Michigan state courts and federal courts applying Michigan law consistently uphold similar 180-day statutes of limitation in employment cases, whether they allege federal or state claims."  *Fritz*, 835 F.Supp.2d at 380 (referencing several cases).  They have done so, because such a limitation is considered neither inherently unreasonable nor so extreme as to shock the conscience.  *Clark v. DaimlerChrysler Corp.*, 268 Mich. App. 138, 144, 706 N.W.2d 471, 475 (2005); *Wright v. DaimlerChrysler Corp.*, 220 F. Supp.2d 832, 839 (E.D. Mich. 2002) (Edmunds, J.).

Second, the equitable tolling approach squares with and honors the oft-repeated pronouncements of this Court that the EEOC "maintains exclusive jurisdiction…for 180 days *after the filing of the charge*." *Lewis*, 241 F. Supp.2d at 772 (citing *Frank's Nursery & Crafts, Inc.*, 177 F.3d at 456) (emphasis added); *Fritz*, 835 F. Supp.2d at 381 ("for 180 days *after the filing of a charge*, the EEOC retains 'exclusive' jurisdiction . . . .") (emphasis added); *see also, General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318, 326 (1979) ("[T]he aggrieved person may bring his own action at the

expiration of the 180-day period of exclusive EEOC administrative jurisdiction . . .
.")

Third, equitable tolling alleviates the concern expressed in *Lewis* that
upholding a six-month limitation of action "would have the effect of abrogating
Plaintiff's ability to bring a Title VII suit." *Lewis*, 241 F. Supp.2d at 772.
Protected by equitable tolling − effectively, treating the filing of the EEOC charge
as the commencement of an action, or in this case, as the "filing of a claim" − a
plaintiff who files her EEOC charge within 180 days of the discriminatory conduct
(under § 2000e-5(e)(1)) would preserve her right to file suit (in accordance with
the contractual limitations period) while the EEOC conducts its investigation
(under § 2000e-5(f)(1)).

Fourth, as the Court pointed out in *Smithson*, the EEOC does not "always
retain[] jurisdiction over a charge for a period of 180 [days] after the filing of any
charge[.]" *Smithson*, 2016 WL 465564, at *4 n.4.  A blanket rule that refuses to
enforce any contractual limitations period which is less than 180 days fails to take
into consideration the fact that an EEOC charge, investigation, and issuance of a
right to sue letter may all occur well before six months has passed.  Of course, any
contractual limitation period which is less than 180 days would still be subject to
judicial scrutiny for reasonableness.

Fifth, equitable tolling is consistent with the observation made in *Brown* that "the submission of an EEOC charge should count, for the purpose of a contractual six-month limitation, as the commencement of an action." *Brown*, 2013 WL 119395, at *3 n.1.

Finally, it is important to note, at least for purposes of this case, that the 180-day time period for filing a charge with the EEOC under 42 U.S.C. § 2000e-5(e)(1) is slightly shorter than the six months (182.5 days or 183 days in a leap year) provided in this contract. Thus, the conclusion in *Fritz* that "any period of *180 days or less* is preempted by the EEOC's period of exclusive jurisdiction and necessarily precludes any judicial consideration of Plaintiff's claim" need not be addressed here. *Fritz*, 835 F.Supp.2d at 383 (emphasis added). In the instant matter, the contract at issue provided *more* than 180 days for filing a claim or lawsuit. More to the point, by equitably tolling the timeclock spelled out in the contract, had this plaintiff filed her EEOC charge at any time within 180 days after the alleged unlawful employment practice occurred, she would not have been precluded from any judicial consideration under the six-month limitation period (assuming she filed her lawsuit within the remaining portion of the contractual period once the EEOC's period of exclusive jurisdiction had expired).

Here, Plaintiff agreed to file "*any claim or lawsuit . . . no more than six (6) months* after the date of the employment action that is the subject of the claim or

lawsuit." (DE 40-4 at 2.) Working from the latest date covered by her complaint -

the December 4, 2014 termination of the employment relationship - any claim or

lawsuit regarding this event (or, giving Plaintiff the benefit of the doubt, any

EEOC charge regarding same) should have been filed on or about June 4, 2015.

Stated otherwise, even treating Plaintiff's July 8, 2015 submission of her EEOC

charge as the filing of her "claim" or "commencement of an action" (instead of the

February 17, 2016 filing of her complaint in this Court), or, applying equitable

tolling upon the filing of an EEOC charge, Plaintiff's action was around 34 days

late under the agreed upon six (6) month statute of limitations.

### E.    Conclusion

The agreement between Plaintiff and Defendant to limit the statute of

limitations to six (6) months is enforceable but must take into consideration the

EEOC's period of exclusive jurisdiction. More than six months passed between

the termination of Plaintiff and Defendant's employment relationship and

Plaintiff's filing of her EEOC charge. In other words, the statute of limitations

expired before Plaintiff invoked the EEOC's period of exclusive jurisdiction. If

the Court agrees with these conclusions, then it need not address: **(a)** the

timeliness of Plaintiff's July 8, 2015 EEOC charge under 42 U.S.C. § 2000e-

5(e)(1) as to the 2009 – 2014 time period at issue in Plaintiff's complaint, or **(b)**

the merits of Plaintiff's Title VII sex and retaliation discrimination claims.

Accordingly, the Court should **GRANT** Defendant's July 13, 2017 motion for summary judgment (DE 40) and dismiss with prejudice the claims set forth in Plaintiff's complaint (DE 1). However, the Court should deny Defendant's request for an award of costs and attorney fees associated with this motion (*see* DE 40 at 3, 32), as the issues on which this recommendation is based merited review by the Court.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: February 12, 2018             s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record
on February 12, 2018, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti