UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

      Plaintiff,

v.                                             Civil Case No. 16-10585
                                              Honorable Linda V. Parker

MGM GRAND DETROIT CASINO,

      Defendant.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 12, 2018 REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On February 17, 2016, Plaintiff Barbrie Logan commenced this lawsuit alleging sex discrimination and retaliation by her former employer, Defendant MGM Grand Detroit Casino. The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial matters. (ECF No. 18.)

On July 13, 2017, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 40.) In a Report and Recommendation filed February 12, 2018, Magistrate Judge Patti recommends that the Court grant the motion. (ECF No. 51.) Specifically, Magistrate Judge Patti finds that Plaintiff's claims are barred by the six-month statute of limitations set forth in a pre-employment "Disclosure, Release, and Authorization" Plaintiff completed as part of her online job

application. Magistrate Judge Patti concludes that the six-month limitations period is enforceable but must take into consideration the EEOC's period of exclusive jurisdiction.

At the conclusion of his decision, Magistrate Judge Patti informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on February 27, 2018. (ECF No. 52.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

As an initial matter, Plaintiff raises numerous complaints in her objections that do not address Magistrate Judge Patti's legal conclusion that her claims are time barred. As such, the Court finds it unnecessary to address them. The Court will respond, however, to Plaintiff's objections to certain words or phrases used by Magistrate Judge Patti, which Plaintiff asserts are reflective of his bias against her or of his unfair treatment of her

claims. Magistrate Judge Patti's R&R in fact reflects thoughtful, fair, and careful consideration of Plaintiff's claims, the issues raised in Defendant's motion for summary judgment, and Plaintiff's response to the motion. The Court thus turns to those objections by Plaintiff that actually address Magistrate Judge Patti's statute of limitations analysis.

Plaintiff challenges Magistrate Judge Patti's conclusion that her claims are time-barred, asserting that she did not agree to the six-month limitations period. While Plaintiff does not expressly deny clicking the "yes" button to reflect her agreement with the Disclosure, Release, and Authorization, she states: "It may have been possible or expedient to simply click the YES button in order to submit the application in the time allotted, without reading and/or understanding its contents." (Obj. at 9, ECF No. 52 at Pg ID 1096.) Plaintiff further argues that the pre-employment application containing the six-month limitations period expired ninety days after she completed it on February 20, 2017, and that it therefore did not control her employment when she was hired August 1, 2007.

First, Plaintiff failed to raise these arguments in response to Defendant's summary judgment motion. (*See* ECF No. 42.) Any arguments made for the first time in objections to an R&R are deemed waived. *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). As the Sixth Circuit explained in *Murr*, while 28 U.S.C. § 636 permits de novo review by the district court if timely objections are filed to an R&R, "it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." 200 F.3d at 200 n.1 (citing *United States v. Waters*, 158 F.3d 933,

3

936 (6th Cir. 1998)). The Court acknowledges that Plaintiff attempted to file a sur-reply brief in response to Defendant's motion; however, she never indicated in her request to file the sur-reply that she sought to present the arguments she now raises. (*See* ECF No. 46.) In any event, Plaintiff's newly asserted arguments lack merit.

Plaintiff agreed to be bound by the six-month limitations period when she clicked "yes" in response to the question of whether she agreed with the terms of the Disclosure, Release, and Authorization and then electronically signed her name. Under Michigan law (which applies to this Court's analysis of whether a valid agreement was formed), "[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." Mich. Comp. Laws § 450.837. Further, under Michigan law, a party who signs a contract (in this case an agreement to be bound by a six-month statute of limitations) ordinarily is presumed to have read, understood and assented to its terms. *Burkhardt v. Bailey*, 680 N.W.2d 453, 464 (Mich. Ct. App. 2004); *see also Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000) ("One who signs a contract is presumed to know its contents, and ... is bound by its provisions.") (ellipsis in original and citations omitted).

Further, and contrary to Plaintiff's assertion, the terms of the Disclosure, Release, and Authorization did not expire in ninety days. The provision itself does not contain a time limit on its application, and instead states to the contrary: "This release and authorization shall remain valid and in effect *during my employment . . ..*" (ECF No. 40-4 at Pg ID 641, emphasis added.) Moreover, by agreeing to the Disclosure, Release, and Authorization, Plaintiff expressly agreed "that any claim or lawsuit *arising out of my*

4

*employment with*, or my application for employment with, MGM Grand . . . must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." (*Id.*, emphasis added.) Presumably Plaintiff intended for her employment to last longer than ninety days. The reference to ninety-days on which Plaintiff replies is found elsewhere in the employment application and is limited expressly to how long the application will be considered current. (*See id*. at Pg ID 642.)

Plaintiff's next objection relates to her assertion that the claim she filed with the State of Michigan Department of Licensing and Regulatory Affairs Unemployment Insurance Agency tolled the statute of limitations. Magistrate Judge Patti thoroughly addressed that argument (*see* R&R at 13-14, ECF No. 51 at Pg ID 1077-78), and correctly in this Court's view.

Plaintiff also objects to the R&R based on her assertion that she satisfied the six month limitations period by filing this lawsuit sixteen days after certain "post-employment retaliatory action." The action Plaintiff is referring to is conduct by an employee from Defendant's Human Resources Department during the June 22, 2015 telephonic hearing before an ALJ on her unemployment benefits claim. (*See* Obj. at 10-11, ECF No. 52 at Pg ID 1097-98.) Again, Plaintiff raises this argument for the first time in her objections and thus it is waived. In any event, Plaintiff does not mention this post-employment conduct anywhere in her Complaint as a basis for the sex discrimination or retaliation claims asserted here. (*See* Compl., ECF No. 1.) Nor does Plaintiff refer to this

conduct in her response to Defendant's summary judgment motion.[1] (*See* Pl.'s Resp., ECF No. 42.) As such, the limitations period did not begin to run for purposes of this lawsuit when the alleged post-employment retaliatory conduct occurred.

Despite Plaintiff's assertions to the contrary, this Court does not find any disputes of fact relevant to the statute of limitations issue. The Court also concludes that Magistrate Judge Patti correctly analyzed the legal issue of whether the six-month limitations period bars Plaintiff's claims. The Court therefore adopts the recommendations in Magistrate Judge Patti's February 12, 2018 R&R. Nevertheless, because the Court finds the issues raised by Plaintiff to have been meritorious, it is denying Defendant's request for costs and attorney's fees.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 7, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 7, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager

---

[1] Notably, Plaintiff also did not include this conduct in her EEOC complaint, which identifies the conduct complained of as occurring between September 12 and December 14, 2014. (*See* ECF No. 40-17 at Pg ID 779.)