UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

    Plaintiff,

v.                                                              Civil Case No. 16-10585
                                                               Honorable Linda V. Parker

MGM GRAND DETROIT CASINO,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter presently is before the Court on Plaintiff's motion for reconsideration of this Court's March 7, 2018 Opinion and Order granting Defendant's motion for summary judgment. In that decision, the Court held that Plaintiff's claims are barred by the six-month statute of limitations set forth in her pre-employment agreement. (ECF No. 53.) Although concluding that the six-month limitations period would be equitably tolled during the EEOC's 180-day period of exclusive jurisdiction, the Court found that Plaintiff was not entitled to equitable tolling because she filed her EEOC charge after the six-month limitations period had expired. In her motion for reconsideration, Plaintiff contends that the Court erred in reaching this conclusion because Michigan is a "deferral" state and

thus she had 300 days to file her EEOC charge.[1]  Because Plaintiff is incorrect, the Court is denying her motion for reconsideration.

>  Title VII provides in relevant part:
>
>  A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . ., except that in a case of an unlawful employment practice with respect to which the person aggrieved *has initially instituted proceedings* with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e) (emphasis added).  Thus in a state that has a state agency which can provide a remedy for discrimination—a so called "deferral state"—the claimant who files a claim with the state agency is given 300 days to file the

---

[1] At the Court's invitation, Defendant filed a response to Plaintiff's motion for reconsideration on April 17, 2018.  (ECF No. 59.)  In its response, Defendant argues that Plaintiff simply is raising an issue she previously raised in her response to Defendant's motion for summary judgment, which was rejected in Magistrate Judge Patti's February 12, 2018 Report and Recommendation ("R&R"), and that she also waived the issue because she failed to assert it in her objections to the R&R.  While Defendant may be correct that these are reasons for denying Plaintiff's motion, the Court is sensitive to Plaintiff's pro se status and believes that the better approach is to address the substance of her argument.

claim.² As the italicized language above reflects, however, the claimant must have actually instituted proceedings with the state or local agency for the 300-day period to be applicable. *See also El-Zabet v. Nissan North America, Inc.*, 211 F. App'x 460, 463 (6th Cir. 2006) (holding that the 180-day time limit applies where the plaintiff did not institute proceedings with a state or local agency); *Gilardi v. Schroeder*, 833 F.2d 1226, 1230 (7th Cir. 1987) (explaining that the statutory prerequisite for the extended filing period is that the complainant instituted proceedings initially with the state agency or the EEOC files the charges with the state agency on the complainant's behalf); *EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 799 (E.D. Tenn. 2016) (explaining that "[i]f a charge is not first filed with the [state agency], or dual-filed with the EEOC and the [state agency] contemporaneously . . . then the 180-day limit applies"); *Houston v. Pepsico, Inc.*, No. 3:14-2050, 2016 WL 2607006, at *4 (M.D. Tenn. May 6, 2016) (same); *Syed v. Northern Kentucky Water Dist.*, No. 08-197, 2010 WL 1235330, at *4 (E.D. Ky. Mar. 23, 2010) (concluding that it was proper to apply the 180-day limitations period where the plaintiff did not first initiate proceedings with a state agency because "simply living in a deferral state is inadequate to trigger application of the 300-day limitations period …").

---

² Michigan is a deferral state. *See Schoneboom v. Michigan*, 28 F. App'x 504, 505 (6th Cir. 2002); 29 C.F.R. § 1601.80 (listing Michigan Department of Civil Rights as a certified state agency)

There is no evidence in the record reflecting that Plaintiff ever filed a charge with the Michigan Department of Civil Rights asserting the claims at issue in this lawsuit, much less a charge within 300 days of the alleged unlawful employment practice. Thus, the 300-day limitations period has no bearing in this case and she fails to demonstrate a palpable defect in this Court's decision finding her claims are time-barred.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager