UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

    Plaintiff,

v.                                        Civil Case No. 16-10585
                                            Honorable Linda V. Parker

MGM GRAND DETROIT CASINO,

    Defendant.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 24, 2020 REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

On February 17, 2016, Plaintiff Barbrie Logan commenced this lawsuit against her former employer, Defendant MGM Grand Detroit Casino, alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial matters. (ECF No. 18.) It is presently before the Court on Defendant's Second Motion for Summary Judgment (ECF No. 67), filed after the Sixth Circuit Court of Appeals, as a matter of first impression, held Plaintiff's claims are not barred by the six-month limitations period in her employment contract, *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 826 (6th Cir. 2019). Magistrate Judge Patti issued a Report and Recommendation ("R&R") on August 24, 2020,

recommending that the Court grant Defendant's motion. (ECF No. 75.) After receiving an extension of time to do so, Plaintiff filed objections to the R&R on September 25, 2020 (ECF No. 78), to which Defendant has responded (ECF No. 79).

## Magistrate Judge Patti's R&R

In the R&R, Magistrate Judge Patti first concludes that the 300-day limitations period applicable to Title VII actions bars Plaintiff's claims arising from conduct before September 11, 2014, as she filed her EEOC charge on July 8, 2015.[1] (*Id.* at Pg ID 1687-94.) Magistrate Judge Patti rejects Plaintiff's assertion that all of the conduct she now describes demonstrates a continuing violation of Title VII and concludes that Plaintiff failed to properly exhaust any potential continuing violation or hostile work environment claim. (*Id.*)

Turning to the alleged misconduct that is not time-barred, Magistrate Judge Patti holds that Defendant is entitled to summary judgment because Plaintiff fails to demonstrate a genuine issue of material fact to support her claims of sex discrimination, retaliation, or constructive discharge. Magistrate Judge Patti

---

[1] Notwithstanding this finding, Magistrate Judge Patti did consider Plaintiff's claim that she was denied participation in a Serve-Safe course offered in April 2014. The Court presumes that Magistrate Judge Patti considered this event because Plaintiff could conceivably show that she suffered an adverse action during the relevant period as a result of not receiving this training, although she does not.

construes Plaintiff's EEOC charge and her federal court Complaint as claiming "retaliation for engaging in protected activity or representing fellow employees in discrimination grievances as a union steward and sex discrimination on three bases: (1) training opportunities; (2) overtime; and (3) terms and conditions of employment, including job responsibilities." (*Id*. at Pg ID 1693-94.)

As to Plaintiff's claim of sex discrimination related to training, Magistrate Judge Patti finds no evidence that the lack of training opportunities amounted to an adverse employment action under Title VII. (*Id*. at Pg ID 1695-98.) Plaintiff fails to show that the denial of any training opportunities materially impacted the terms or conditions of her employment. (*Id*.)

With respect to Plaintiff's discrimination claim based on overtime, Magistrate Judge Patti finds only one of her comparators, Jorden Wade, to be similarly situated. (*Id*. at Pg ID 1701.) This is because Plaintiff and Wade filled culinary utility (CU) positions, whereas Plaintiff's remaining "comparators" were cooks. Magistrate Judge Patti concludes that the unrebutted evidence for the relevant period (September 11 to December 4, 2014) reflects that Plaintiff worked more overtime than Wade. (*Id.*)

Turning to Plaintiff's claim that she was given more burdensome tasks and subjected to derogatory treatment when compared to similarly situated male employees, Magistrate Judge Patti first finds that Plaintiff's allegations describe

3

"nothing more than a mere inconvenience or simple alteration of job duties … with no discernable relationship to sex beyond Plaintiff's unsupported personal belief that she was treated differently than male employees." (*Id*. at Pg ID 1704 (internal citation omitted).)

Magistrate Judge Patti next concludes that Plaintiff fails to establish a prima facie case of retaliation based on her protected activity. (*Id*. at Pg ID 1705-10.) Magistrate Judge Patti finds that Plaintiff fails to show that Defendant took an action affecting the terms or conditions of her employment because of her protected activity, for the same reasons that she fails to establish an adverse action to support her discrimination claim. (*Id*. at Pg ID 1707.) Moreover, Magistrate Judge Patti finds that Plaintiff fails to demonstrate a causal connection between any alleged protected activity and the actions against her. (*Id*. at 1708-09.) Searching the evidence, Magistrate Judge Patti sees no temporal connection between Plaintiff's protected activity and the adverse actions alleged; nor does he see evidence that the individuals engaged in the alleged adverse actions against Plaintiff were aware of her protected activity. (*Id*. at 1709-10.)

Lastly, Magistrate Judge Patti concludes that Plaintiff's constructive discharge claim fails because she does not establish a prima facie case of sex discrimination or retaliation. (*Id*. at Pg ID 1711-12.) Stated differently, Plaintiff

4

fails to show that she was subjected to a work environment or working conditions that would lead a reasonable person to quit. (*Id.*)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Nevertheless, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147. Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d

373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

## Plaintiff's Objections

In her September 25 filing, Plaintiff asserts seven "objections" to the R&R. (ECF No. 78.)

## Objections Nos. 1-3

Plaintiff's first three objections are not sufficiently specific to inform the Court of the factual and/or legal issues she disputes. *Thomas*, 474 U.S. at 147. In her first "objection," Plaintiff simply quotes Magistrate Judge Patti's recommendation to grant Defendant's motion. (ECF No. 78 at Pg ID 1724.) In her second "objection," Plaintiff only relates facts concerning her applications to work for Defendant and her hiring in 2007, and then makes the conclusory assertions that she was discriminated against, subjected to retaliation, and treated with hostility during her employment. (*Id*. at Pg ID 1724-25.) In her third

6

objection, Plaintiff recites the Supreme Court's instruction in *Haines v. Kerner*, 404 U.S. 519 (1972), that courts must liberally construe the filings of pro se parties. *Id*. at 520. Plaintiff then lists the categories of evidence submitted by both parties in support of and in opposition to Defendant's summary judgment motion. Plaintiff does not specify, however, how the magistrate judge failed to heed the Supreme Court's guidance or what evidence the magistrate judge failed to consider.

### Objection Nos. 4 & 5

The Court construes Plaintiff's fourth and fifth objections as challenging Magistrate Judge Patti's determination that the continuing violation doctrine does not apply and that she is barred from basing her Title VII claims on conduct that occurred before September 11, 2014. In her fourth objection, Plaintiff lists "occurrences" going back to January 2009, which she asserts are "a culmination of an offensive, intimidating, and hostile work environment that originated because of Plaintiff's sex." (*See* ECF No. 78 at Pg ID 1727-43.) In her fifth objection, Plaintiff takes issue with Magistrate Judge Patti's observation that she did not check the "continuing violation" box on the EEOC Charge form.

However, as Magistrate Judge Patti correctly states, a plaintiff must properly exhaust administrative remedies before filing a Title VII action. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010). The EEOC "charge

must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* at 361 (quoting 29 C.F.R. § 1601.12(b)). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his [or her] EEOC charge." *Id.* (citing 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Nevertheless, because EEOC charges are typically filed by aggrieved employees without the assistance of counsel, Sixth Circuit precedent allows for a liberal construction of such filings finding that "courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* at 362 (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)). "As a result, 'when facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Id.* (brackets omitted) (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

Regardless of how liberally the Court construes Plaintiff's EEOC Charge or whether she checked the "continuing violation" box on the form, Plaintiff did not allege or preserve a continuing violation or hostile work environment claim. Plaintiff alleges in her EEOC Charge that around March 2014 she served as a union representative for a coworker claiming national origin discrimination and that "[i]n or around 2014 and up through the end of [her] employment in December

8

2014, [she] was repeatedly denied overtime and opportunities for advancement in [her] position." (ECF No. 67-17 at Pg ID 1415.) She specifically identifies the dates the discrimination took place as between September 12 and December 4, 2014. (*Id.*) There is no mention, reference, or suggestion that Plaintiff suffered retaliation or discrimination beyond the four-month period set forth on her EEOC charge (i.e., September through December 2014). As such, this Court concurs with Magistrate Judge Patti that Plaintiff failed to exhaust any claims relating to conduct occurring prior to September 11, 2014, and that those claims therefore cannot be asserted here. *See Younis*, 610 F.3d at 362.

As Magistrate Judge Patti correctly states in the R&R, a court is not required to scour the record or search out facts from the record to determine if there are genuine issues of material of fact. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials."); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989),

cert. denied 494 U.S. 1091 (1990) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). In response to Defendant's summary judgment motion, Plaintiff refers to her declaration to support her claims, and in that declaration, she lists in chronological order events that occurred during her employment, which the Court presumes Plaintiff believes are discriminatory in nature. (*See* ECF No. 72 at Pg ID 1145.) While Plaintiff cites to only limited paragraphs from her declaration in her response brief, the Court will touch on the other events described in the declaration—provided they fall within the relevant time period—to the extent they were not already addressed by Magistrate Judge Patti or are not otherwise addressed here.

Specifically, Plaintiff refers to: (i) chefs verbally "reprimand[ing]" female team members, but not male team members, for things they said (ECF No. 72-1 at Pg ID 1538-39, ¶¶ 27, 29); (ii) the failure to include in the meeting notes her complaints at union meetings on October 9 and 30, 2014 (*id.* at Pg ID 1541-42, ¶¶ 31-33); (iii) her inquiry about getting a back brace with supervisor Keith on or about November 21, 2014 (*id.* at Pg ID 1546-47, ¶ 40); and, (iv) that she, unlike co-worker Wade, complained at union meetings and this was why she was retaliated against (*id.* at Pg ID 1548, ¶ 42). As to items one through three, as

alleged, Plaintiff fails to establish that she suffered an adverse action. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) ("petty slights or minor annoyances" do not qualify as adverse actions); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) ("certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations"). Moreover, Plaintiff offers no proof to suggest that the omission of her statements from union meeting minutes or Keith's handling of the back brace issue resulted in Plaintiff being treated differently than male employees. As to the last item, Plaintiff fails to establish a causal connection between her union meeting complaints and any materially adverse action.

## Objection No. 6

Plaintiff challenges the accuracy of the overtime analysis Defendant provided in support of its summary judgment motion (ECF No. 15), contending that Magistrate Judge Patti failed to compare it with Plaintiff's analysis (ECF No. 72-2 at Pg ID 1665.)

Plaintiff's analysis, however, does not create a genuine issue of material fact with respect to whether Wade was offered more overtime work than Plaintiff. During October 2014—the limited period covered in Plaintiff's chart—Plaintiff worked more overtime than Wade when one omits the eight hours of overtime Wade performed on a day when Plaintiff already was working. (*See* ECF No. 72-2

11

at Pg ID 1665.) Clearly Plaintiff could not be offered overtime to fill the needed position when she already was scheduled to work. Moreover, Plaintiff's analysis does not undermine Defendant's chart, which provides a broader picture in that it covers the period from August 2, 2014 to November 8, 2014. Defendant's evidence reflects that Plaintiff actually worked more overtime hours than Wade when one subtracts the hours he worked because Plaintiff was sick, called off, or was already working. (*See* ECF No. 67-15.)

### Objection No. 7

In her final objection, Plaintiff argues that Exhibit E to Defendant's summary judgment motion (ECF No. 67-6) fails to establish that the job of putting away stock fell only to CUs. However, even if individuals in other positions are responsible for this job duty, Plaintiff does not create a genuine issue of material fact relevant to her claims based on job assignments. Plaintiff still has not shown that she was required to put away stock because of her gender. Even if this responsibility belonged to a broader class of employees, but was assigned only to CUs, this merely shows unequal treatment based on job categories rather than a suspect classification.

The Court concurs with Magistrate Judge Patti's conclusion that Plaintiff fails to demonstrate a prima facie case of discrimination or retaliation based on her assertion that she was given more burdensome and unreasonable job duties.

12

## Conclusion

For the reasons set forth above, the Court rejects Plaintiff's objections to the August 24, 2020 R&R. Defendant did not object to Magistrate Judge Patti's recommendation that the Court deny its request for attorney's fees and costs. This Court, therefore, is adopting the recommendations in Magistrate Judge Patti's R&R.

Accordingly,

**IT IS ORDERED** that Defendant's Second Motion for Summary Judgment (ECF No. 67) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 8, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 8, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager