UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBRIE LOGAN,

      Plaintiff,

v.                                            Civil Case No. 16-10585
                                            Honorable Linda V. Parker

MGM GRAND DETROIT CASINO,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S OBJECTIONS TO BILL OF COSTS AND SETTING ASIDE BILL OF COSTS

On January 8, 2021, this Court entered an Opinion and Order (ECF No. 80) adopting Magistrate Judge Anthony P. Patti's recommendation to grant Defendant's Second Motion for Summary Judgment (ECF No. 75). In the R&R, Magistrate Judge Patti denied Defendant's request for an award of costs and attorney fees associated with the motion because Defendant cited no legal basis for the request. (ECF No. 75 at Pg ID 1681, 1712-13.) Defendant subsequently filed a Bill of Costs (ECF No. 84), and the Clerk of the Court taxed costs in favor of Defendant and against Plaintiff in the amount of $1,132.20 (ECF No. 85). Plaintiff objects to the taxed costs (ECF Nos. 86, 87) based on Magistrate Judge Patti's previous recommendation to deny Defendant's request.

In his report and recommendation, however, Magistrate Judge Patti addressed only whether Defendant was entitled to an award of costs pursuant to 42 U.S.C. § 2000e-5(k).  (*See* ECF No. 75 at Pg ID 1713.)  The decision to deny Defendant an award under § 2000e-5(k)—which allows for an award only where the plaintiff's claim was "frivolous, unreasonable, or groundless[,]" *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978)—did not preclude Defendant from seeking other costs.  Defendant's Bill of Costs was filed under 28 U.S.C. § 1920.  "'[P]revailing parties are entitled to their costs [under this statute] *as of course*.'"  *Goostree v. State of Tenn.*, 796 F.2d 854, 863 (6th Cir. 1986) (emphasis added) (quoting *White & White, Inc. v. Am. Hosp. Supply Co.*, 786 F.2d 728, 731 (6th Cir. 1986)).  In other words, Defendant was entitled to the costs allowed under § 1920 unless Plaintiff "show[ed] circumstances sufficient to overcome the presumption favoring an award[.]"  *White & White*, 786 F.2d at 732 (quotation marks and citation omitted).

Nevertheless, it is within a district court's discretion whether to award costs.  *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citing *White & White*, 786 F.2d at 730).  The Sixth Circuit has identified several factors that may justify a decision to ignore the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.  *See id*. (citing *White & White*, 786 F.2d at 732-33).  The

2

prevailing party's ability to pay its own costs is not relevant. *Id.* (citing *White & White*, 786 F.2d at 730). However, the indigency of the losing party is a factor weighing in favor of the denial of costs. *Id.* (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)).

The relevant factors lead this Court to conclude that Defendant's requested costs should be denied. While Plaintiff did not ultimately prevail in this litigation, she did prevail in the Sixth Circuit with respect to the applicable statute of limitations, which by the Sixth's Circuit's own description, was "a matter of first impression." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 825 (2019). Moreover, the Court believes that Plaintiff pursued her claims in good faith. Finally, Plaintiff has been granted leave to proceed in this matter *in forma pauperis*, reflecting an inability or at least difficulty in paying Defendant's costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (ECF No. 86) and Motion to Review Bill of Costs (ECF No. 87) are **GRANTED** and the Costs Taxed against Plaintiff and in favor of Defendant are **SET ASIDE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 7, 2021

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 7, 2021, by electronic and/or U.S. First Class mail.

                                        s/Aaron Flanigan
                                        Case Manager